Filed 11/13/24  P. v. Armenta CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD ARMENTA,<br><br>        Defendant and Appellant. | D083566<br><br><br><br>(Super. Ct. No. JCF18905) |

APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistance Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel, Seth M. Friedman and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

In 2008, a jury convicted Richard Armenta and a codefendant of first degree murder and conspiracy to commit murder.  Since then, California passed Senate Bill No. 775 (2021–2022 Reg. Sess.), which provides that defendants who had been convicted of murder may be eligible for

resentencing relief, if the conviction was based on a now discredited theory of imputed malice.

On appeal, Armenta contends that the trial court erred when it denied his petition for resentencing at the prima facie stage by engaging in improper factfinding, and failing to consider his youth when he committed the offense. On our independent review, we conclude that although the trial court engaged in improper factfinding, nonetheless, the record of Armenta's conviction establishes that he was ineligible for resentencing relief as a matter of law, and therefore the court did not err in denying Armenta's petition at the prima facie stage. Further, because Armenta was not entitled to resentencing under section 1172.6, the court did not err in declining to resentence him for any reason, including his youth. Accordingly, we affirm.

## I. Factual and Procedural Background

In a second amended information, Armenta and codefendant, Jesus Gastelum, were both charged with the willful, deliberate and premeditated murder of Jesse Garcia (count 1), and with conspiracy to commit willful, deliberate and premeditated murder (count 2). For both counts, the information alleged that "a principal" personally used a handgun and discharged a firearm, causing great bodily injury and death to Garcia.

Using CALCRIM No. 521 ("Murder: Degrees"), the court instructed the jury that to find Armenta guilty of first degree murder, the People must have proved:

> "[T]hat [the defendants] acted willfully, deliberately, and with premeditation. The defendants acted willfully if they intended to kill. The defendants acted deliberately if they carefully weighed the considerations for and against their choice and, knowing the consequences, decided to kill. The defendants acted with premeditation if they decided to kill before committing the act that caused death."

2

Using CALCRIM No. 401 ("Aiding and Abetting: Intended Crimes"), the court instructed the jury that to find Armenta guilty of the crime, [i.e., of first degree murder] based on aiding and abetting that crime:

> "[T]he People must prove that:
>
> "(1) The perpetrator committed the crime;
>
> "(2) The defendant knew that the perpetrator intended to commit the crime;
>
> "(3) Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime;
>
> "AND
>
> "(4) The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime.
>
> "Someone aids and abets a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime."

A special jury instruction introduced by defendant (Special Jury Instruction No. 10) was also given addressing aiding and abetting the perpetrator:

> "To find the defendant guilty of aiding and abetting the perpetrator in the commission of murdering a victim, the People must prove beyond a reasonable doubt that; (1) the defendant knew that the perpetrator intended to go to a location to shoot a victim; (2) when the perpetrator departed to go to the location, the defendant had specific intent to aid and abet in the shooting of a victim; (3) the perpetrator committed the crime; and (4) the defendant, by words or conduct, did in fact aid and abet the perpetrator's commission of the crime."

After trial, the jury convicted Armenta on both counts. Specifically, as to count 1, the jury found Armenta guilty of first degree murder "in that the defendant acted willfully, deliberately and with premeditation." As to count 2, the jury found Armenta guilty of conspiracy to commit murder. The jury also found true a special circumstance, namely that Armenta intentionally killed Garcia and "the murder was carried out to further the activities of the criminal street gang."

The court sentenced Armenta to life without the possibility of parole as to both counts and stayed the sentence as to count 2.

On direct appeal, this court concluded that there was insufficient evidence to support the true finding as to the gang allegation special circumstance.[1] We vacated the life sentences without the possibility of parole, and instead ordered a sentence of 25 years to life on both counts, stayed as to count 2, and otherwise upheld his conviction. (*People v. Armenta* (Apr. 29, 2010, D054071) [nonpub. opn.].)

On July 25, 2022, Armenta filed a petition for resentencing under former section 1170.95 (now section 1172.6). His petition included a declaration wherein he further argued that he should have been sentenced as a youthful offender.

The People filed an initial response, contending that "as the facts in the sentencing report make clear," Armenta was not the actual killer but was a major participant in the crime. The response did not refer to any part of the

---

[1] Because the appellate court vacated the gang allegation, we do not rely on this portion of the jury's finding in our analysis. (See, e.g., *People v. Jenkins* (2021) 70 Cal.App.5th 924, 935 [at sentencing, trial court struck the jury's witness-killing special circumstances finding, and therefore it was not appropriate to consider that finding in connection with a subsequent petition under section 1172.6].)

4

record of conviction, nor did it attach any documents that were part of the record of conviction. Armenta's brief in response argued that he should receive an evidentiary hearing, but that even if the court found him ineligible for such a hearing, it should nonetheless resentence him due to Armenta's youth at the time of the crime's commission.

At the hearing on the prima facie petition, Armenta's counsel conceded that Armenta was a major participant in the offense. Instead, counsel argued that at the time of sentencing, the gang allegation precluded an argument as to Armenta's youth, and there he requested an evidentiary hearing "to explore whether there could have been other [sentencing] considerations" that would have been available in the absence of the gang allegation. Armenta himself addressed the court during the hearing, noting his youth at the time of the offense. Further, he raised the issue of the inclusion of CALCRIM No. 401 in the jury instructions, referring the court to an unpublished opinion. Armenta agreed that his conviction was based on a theory of aiding and abetting. He agreed that he was convicted of being a major participant in the offense.

At the conclusion of the hearing, the court denied the petition at the prima facie stage, noting that "it appears that there's no dispute as to whether you were a major participant," and that reopening the case to consider youthful factors "simply doesn't apply to this petition."

Armenta filed a timely notice of appeal.

## II. Discussion

On appeal, Armenta argues that the trial court erred in concluding that Armenta was a major participant in the offense, because such a determination is a finding of fact that is not permitted at the prima facie stage. To the extent that his counsel conceded that he was a major

5

participant, he argues that he received ineffective assistance of counsel.  He further argues that youth is a factor that can be relevant to a youthful offender's intent.

## A. We Grant Respondent's Unopposed Motion for Judicial Notice

Respondent requests that we take judicial notice of certain portions of the record from Armenta's direct appeal, namely, the jury instructions, closing arguments, and expert testimony.  Armenta does not oppose the motion.  We agree that some of the underlying records may be helpful in the resolution of the instant appeal, and therefore we grant respondent's motion.

## B. Standard of Review

When a trial court reviews a petition for resentencing under Penal Code 1172.6, it must first ensure that the petitioner has established a prima facie case for relief under the statute.  A denial at the prima facie stage is only appropriate if the record of conviction[2] establishes that the petitioner is ineligible for relief as a matter of law.  (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)  In making an evaluation, the court may only review the record of conviction—the court may not engage in factfinding at the prima facie stage.  (*People v. Lewis* (2021) 11 Cal.5th 952, 955 (*Lewis*).)  A court's decision to deny a resentencing petition at the prima facie stage is purely a legal conclusion, which an appellate court reviews de novo.  (*Ervin*, at p. 101).  If the denial of Armenta's petition was legally correct, we affirm it regardless of

---

[2]    "Record of conviction" is a term of art.  It does not include everything contained within the record below.  Generally speaking, the record of conviction includes the charging documents; the plea form or verdict forms; and the instructions that were given to the jury.  (See, e.g., *People v. Williams* (2022) 86 Cal.App.5th 1244, 1247, fn.3.)

6

the trial court's reasoning. (*People v. Camacho* (2022) 14 Cal.5th 77, 123–124.)

## C. The Record of Conviction Establishes that Armenta is Not Eligible for Resentencing Relief as a Matter of Law

Section 1172.6, subdivision (a) provides a procedure by which a convicted person may seek resentencing under the new law. After the offender files the appropriate petition, the court must appoint counsel to represent the offender, and the matter is set for hearing to determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (*Lewis, supra*, 11 Cal.5th at pp. 961–963, 967.) In making that preliminary determination, the court may rely on the record of conviction but may not engage in factfinding, weighing of evidence, or the exercise of discretion. (*Id.* at p. 972.)

It does not appear from the record that in making its ruling, the court considered any part of Armenta's record of conviction. The court did not mention reviewing any of the charging documents, verdict forms, or jury instructions that were given at trial—all of which would have been proper sources to consult at the prima facie stage.[3] (*Lewis, supra,* 11 Cal.5th at p. 952.) Instead, its ruling was based upon the discussion at the hearing that Armenta was a major participant in the offense.

As Armenta points out, the "major participant" conclusion itself is a finding of fact; and beyond that, the conclusion leaves out half of the inquiry, i.e., not only whether Armenta was a major participant, but also whether he

_____

[3]    The People did the trial court no favors by citing only to the "facts in the sentencing report" in their initial response to the petition and by making no apparent effort to provide the trial court with any documents that would have been part of the record of conviction, e.g., the charges, the verdict forms and the jury instructions.

acted with reckless indifference (§189, subd. (e)(3)). Such a conclusion necessarily would have involved factfinding and could only have been reached after an evidentiary hearing. Thus, the trial court erred in denying Armenta's petition at the prima facie stage based upon its conclusion that Armenta was a major participant in the offense.

Nonetheless, on our independent review, we conclude that Armenta is ineligible for relief as a matter of law.[4]

Under section 189, subdivision (e), as it has now been amended, to be guilty of first degree murder, the prosecution must prove one of three possible scenarios:

> "(1) The person was the actual killer.

> "(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

> "(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

The record of conviction establishes that the jury could have convicted Armenta of first degree murder on either of the first two possible theories set

---

[4]     As we note, the trial court failed to consider the record of conviction at the prima facie stage. On appeal, we are not obligated to assume the burden of reviewing the record of conviction to assess whether the error was harmless, and therefore it can be argued that we should remand the case so that the court can conduct a proper prima facie review. (See *People v. Gallardo* (2024) 105 Cal.App.5th 296, 797 ["This court will not perform the trial court's statutorily mandated task for the first time on appeal"].) In this instance, in the interest of judicial economy, we will exercise our independent judgment, but we caution prosecutors and the trial court that remand is likely in future cases in which the record demonstrates that the trial court has not reviewed any part of the record of conviction.

forth in section 189, subdivision (e). Specifically, following the instructions given by the court, the jury could have concluded that Armenta was the actual killer and that he acted deliberately, willfully and with premeditation; or it could have concluded that he aided and abetted the actual killer.

The jury instruction given for first degree murder stated the defendant must have committed the murder "willfully [and] deliberately." It further explained: "The defendants acted willfully if they intended to kill." If the jury convicted Armenta of first degree murder under the theory that he was the actual killer, it must have also concluded that he had the specific intent to kill Garcia.

Alternatively, the jury could have convicted Armenta of first degree murder under a theory of aiding and abetting. The jury instruction provided that to be guilty of aiding and abetting, the defendant must "[intend] to aid and abet the perpetrator in committing the crime" and that the defendant "knew that the perpetrator intended to commit the crime."

Further, an additional special instruction provided that to convict Armenta under a theory of aiding and abetting, the jury had to find that:

> "(1) the defendant knew that the perpetrator intended to go to a location to shoot a victim;
>
> "(2) when the perpetrator departed to go to the location, the defendant had specific intent to aid and abet in the shooting of a victim;
>
> "(3) the perpetrator committed the crime; and
>
> "(4) the defendant, by words or conduct, did in fact aid and abet the perpetrator's commission of the crime."

Thus, either the jury based its first degree murder conviction under a theory that Armenta was the actual killer, acting with specific intent to kill; or that Armenta was an aider and abettor, acting with knowledge of

9

Gastelum's intent to kill and intending to aid and abet Gastelum's first degree murder of Garcia. Under either theory of culpability, the jury's findings did not rest on a discredited theory of imputed malice.

Accordingly, Armenta's record of conviction establishes that he is ineligible for resentencing as a matter of law. (See, e.g., *People v. Estrada* (2022) 77 Cal.App.5th 941, 945 ["The record establishes that [defendant] was convicted of first degree murder as an aider and abettor with intent to kill, and he is therefore ineligible for resentencing" under the statute.].) "Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought." (*People v. Gentile* (2020) 10 Cal.5th 830, 848.)[5]

### D. Because Armenta is Not Eligible for Resentencing Under Section 1172.6, the Court Could Not Resentence Him to Consider His Youth During the Commission of the Offense

Armenta further argues that the court should have resentenced him, even in the absence of a prima facie finding, so that his status as a youthful offender could be considered. However, the trial court did not err in declining to resentence Armenta, having concluded that he had failed to establish a prima facie case for resentencing. Under section 1172.6, a petitioner is eligible for resentencing only if he or she has established a prima facie case, i.e., has established that the petitioner is statutorily eligible for resentencing. As noted above, we conclude as a matter of law that Armenta cannot establish his eligibility to be resentenced, and therefore he cannot be resentenced under section 1172.6, regardless of the reason for his request.

---

[5] Because we conclude that Armenta did not establish a prima facie case for relief, we do not reach his argument that his counsel provided ineffective assistance of counsel in conceding that he was a major participant in the offense.

Armenta's reliance on *People v. Pittman* (2023) 96 Cal.App.5th 400 is thus misplaced. In *Pittman*, the court concluded that the defendant's petition for resentencing under 1172.6 should not have been denied without considering the petitioner's youth, because age was a relevant factor in assessing whether he had formed the requisite mental state for second degree murder. However, Pittman had met his prima facie burden, and the appeal was from the evidentiary hearing and resentencing. At that point in the proceeding, the *Pittman* court agreed that the age factor should have been considered as part of the evidentiary hearing and subsequent resentencing. But because Armenta did not establish his eligibility for resentencing, the court had no legal basis upon which it could resentence him under section 1172.6.

### III. Disposition

The judgment is affirmed.

KELETY, J.

WE CONCUR:

McCONNELL, P. J.

CASTILLO, J.

11